**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3207
_____

IN RE:  KENNETH MITAN,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-08-cr-00760-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 24, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 5, 2014)
_____

OPINION
_____

PER CURIAM

    Kenneth Mitan filed this petition for a writ of mandamus seeking an order compelling

the District Judge presiding over his motion pursuant to 28 U.S.C. § 2255 to recuse himself.

We will deny the petition.

    Mitan was convicted by a jury in 2009 of federal mail and wire fraud, and related

offenses.  He was sentenced to 262 months in prison and restitution of more than 1.5 million

dollars.  We affirmed the judgment and sentence.  <u>United States v. Mitan</u>, 499 F. App'x 187,

188 (3d Cir. 2012).  In June 2014, Mitan filed a motion to vacate his sentence pursuant to 28

U.S.C. § 2255.  He also filed a motion for the disqualification of the District Judge under 28

U.S.C. §§ 144 and 455, arguing primarily that: (1) the judge would be unable to fairly assess claims in the § 2255 motion that accused the judge of misconduct and former counsel of ineffective assistance; and (2) the judge is biased due to reviewing phone calls in which Mitan criticized him. A few days after the motion was filed, the District Judge summarily denied it. Mitan then filed the instant petition for a writ of mandamus.

We have jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), and may consider Mitan's arguments that recusal is warranted under 28 U.S.C. § 455 via mandamus review.[1] See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). We will grant relief only if the District Judge's decision is tantamount to an abuse of discretion. In re Kensington Int'l Ltd., 368 F.3d 289, 301 & n.12 (3d Cir. 2004). "When the need for a writ of mandamus is determined by this court to be 'clear and indisputable,' a district judge's decision not to recuse himself or herself necessarily also will have been an abuse of discretion or a clear legal error." Alexander v. Primerica Holdings, 10 F.3d 155, 163 n.9 (3d Cir. 1993).

Mitan contends that recusal is warranted under 28 U.S.C. § 455(a), (b)(1), and (b)(5)(iv). Recusal is required under subsection (a) when a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for such recusal is whether a reasonable person who is aware of all of the facts might reasonably question a judge's impartiality. In re Kensington Int'l Ltd., 368 F.3d at 302. Section 455(b) sets forth specific circumstances for recusal, including: (1) where a judge has personal bias concerning a party or

---

[1] Mitan does not seek review of the District Judge's refusal to recuse himself pursuant to 28 U.S.C. § 144, which is not available via mandamus. See In re Sch. Asbestos Litig., 977 F.2d 764, 775-76 (3d Cir. 1992).

2

personal knowledge of disputed evidentiary facts; and (2) where a judge knows he is likely to be a material witness in the proceeding. 28 U.S.C. § 455(b)(1), (b)(5)(iv).

Mitan argues that the District Judge cannot impartially decide the claims in his § 2255 motion that accuse the judge of committing misconduct during the underlying criminal trial. The first accusation is that the judge improperly held an ex parte hearing with the prosecution in which Mitan was falsely accused of fabricating evidence. Three pages of transcript confirm that the ex parte hearing occurred, but they do not provide much context for assessing this basis for recusal. By way of background, Mitan proceeded pro se for a period of time in the District Court, including most of the time he spent in pretrial detention. Mitan, 499 F. App'x at 189. As part of an investigation into whether Mitan was obstructing justice by intimidating witnesses, the government reviewed his calls, but employed a procedure to screen out privileged communications. Id. at 189-90. Sometime later, the government abandoned the screening procedure. Id. at 190. Mitan moved to dismiss the indictment when he learned that the government was monitoring all of his calls. Id. Although the District Judge denied the motion because the calls did not reveal defense strategy, he expressed displeasure and serious concerns with the government's actions. Id. at 191. It appears that the ex parte hearing Mitan now complains of occurred sometime after Mitan moved to dismiss the indictment. The government approached the judge because they planned to follow up on leads regarding evidence fabrication, but were aware of the "sensitivities about our ongoing obstruction of justice investigation." The transcript provided by Mitan shows that the hearing was brief and

that the District Judge stated that he had nothing to say about the investigation, but warned the government not to monitor Mitan's calls from prison.

Ex parte communications are strongly disfavored, see In re Kensington Int'l, Ltd., 368 F.3d at 309-10, but we do not believe recusal is mandated on that basis here. The ex parte hearing in this case arose from concern about the government's previous investigative practices. It appears that Mitan was not present because he was a target of the new avenue of investigation. Moreover, the transcript reveals no basis upon which to question the judge's impartiality: he expressed no opinion about the investigation or Mitan, and he warned the government to be careful of Mitan's rights.[2] In this context, the brief ex parte hearing appears to have been necessitated by a procedural concern that could not be revealed to the defense. It does not appear to have been an impermissible forum for one-sided advocacy regarding the merits of the criminal case. See In re Sch. Asbestos Litig., 977 F. 2d at 789 (noting that ex parte communications are sometimes "tolerated of necessity"). Therefore, Mitan has failed to show misconduct sufficient to raise a question about the District Judge's ability to impartially decide the § 2255 claim, or any basis for perceived or actual bias against Mitan arising from the incident.[3]

---

[2] One problem with ex parte communications is that they often are not recorded, In re Kensington, 368 F.3d at 309, but that is not a concern in this case.

[3] To the extent that Mitan implies that the District Judge formed an opinion of him based on the accusation of evidence fabrication, we note that there is no expression of such opinion. Furthermore, Mitan was tried by a jury and was not charged with, or convicted of, evidence fabrication.

Mitan also claims that the District Judge committed misconduct by inviting a judge from this Court to attend jury selection. He concedes, however, that he has no proof of this. Recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981). He next asserts that his case was improperly "steered" toward the District Judge because the judge would be biased against white collar criminals due to his prior position as a United States Attorney. However, Mitan concedes that he has no evidence of impropriety to support his allegations. Moreover, a judge is not required to recuse himself simply because he previously served as a United States Attorney. See Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987).[4] Finally, we fail to see how Mitan's allegation calls into question the District Judge's ability to impartially decide the § 2255 motion when the judge was not responsible for being assigned to Mitan's case.

Mitan again raises the District Judge's ability to impartially decide the § 2255 motion, this time by arguing that that the judge's bias in favor of former counsel makes a fair assessment of ineffective assistance claims impossible. The first basis for the alleged bias is that the counsel is a friend and former law clerk of the District Judge. Mitan does not provide any support for, or detail regarding, the assertion that counsel is the judge's friend. Nor does he cite any legal authority for the proposition that a judge must recuse when a former law clerk is counsel for a party. Although a law clerk enjoys a unique position and is often privy to a judge's thoughts, it is not a general rule that a former law clerk may never practice before the

---

[4] Mitan does not contend that the District Judge had any knowledge of the case due to his prior position.

judge for whom he or she clerked.  See Fredonia Broad. Corp., Inc. v. RCA Corp., 569 F.2d 251, 256 (5th Cir. 1978).  As for the specific comments Mitan highlights from the record to support his allegation of bias, three are only brief remarks about counsel doing a good job that are not strong enough to amount to a "deep-seated favoritism . . . that would make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 555 (1994).  The comments also appear to be based on counsel's performance in the case, not an extrajudicial source.  Id. at 550-51 (explaining the "extrajudicial source" doctrine).  Furthermore, the last example cited by Mitan – "I have only the highest compliments for [defense counsel]" – is followed by the judge complimenting the prosecution team's efforts, exhibiting balanced praise for the work of counsel for both parties.  Mitan attempts to bolster his argument by claiming that the denial of certain motions demonstrates the District Judge's bias.  However, a party's displeasure with adverse legal rulings does not form a basis for recusal.  See Securacom Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000).  Moreover, Mitan has failed to explain how the denial of the pro se motions filed in the collateral proceedings are in any way related to his former counsel such that the alleged bias in her favor would come into play.

Finally, Mitan alleges that "it is possible" that the District Judge is biased against him because he listened to calls in which Mitan was critical of the judge.  This claim is based on the call-monitoring issue described earlier, and it fails for the following reasons.  First, Mitan has not explained what critical remarks he made in the calls reviewed by the District Judge, nor has he identified comments or actions by the District Judge that would suggest bias (or the appearance thereof) as a result of reviewing the calls.  Second, the source of the alleged bias is

6

not extra-judicial: the District Judge reviewed recordings of five calls, which were identified by Mitan as prejudicial to mounting his defense, in the course of adjudicating Mitan's motion to dismiss the indictment. Mitan, 499 F. App'x at 191. Even if the District Judge formed an opinion about Mitan from the calls, it would not automatically be a basis for disqualification because the opinion was "properly and necessarily acquired" in the course of the prior proceedings. Litekey, 510 U.S. at 551. The only way an opinion acquired from the proceedings could constitute a basis for recusal is if it evinced a "deep-seated antagonism" against Mitan, id. at 555, which has not been demonstrated in this case.

For these reasons, we conclude that the District Judge did not abuse his discretion in denying the motion to disqualify and that Mitan has not shown a clear an indisputable right to a writ of mandamus.[5] We will therefore deny the mandamus petition.

---

[5] Mitan generally asserts that recusal is warranted under 28 U.S.C. § 455(b)(5)(iv) without identifying how the District Judge would be a material witness in the § 2255 proceedings. He has therefore failed to show a clear and indisputable right to relief on this basis.